MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, 4th Floor
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAYRA NUNEZ MARTINEZ, A29-061-357,
:
       Petitioner,
                                                            :    ANSWER
        - v. -
                                                            :    07 Civ. 7346 (GBD)
MICHAEL CHERTOFF, Secretary of the Department
of Homeland Security; ANDREA J. QUARANTILLO,    :    FILED ELECTRONICALLY
New York District Director, U.S. Citizenship and
Immigration Services; and ALBERTO GONZALES,     :
Attorney General of the United States;
                                                            :
       Respondents.
------------------------------------------------------------------------x

      Respondents Michael Chertoff, United States Secretary of Homeland Security; Andrea J. Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS"); and Michael B. Mukasey, Attorney General of the United States[1] ("respondents" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the Petition for Hearing on Application for Naturalization ("petition") of Mayra Nunez Martinez, A 29 061 357 ("petitioner" or "Martinez"), upon information and belief, as follows:

---

[1] Michael B. Mukasey has succeeded Alberto Gonzales as Attorney General of the United States and should therefore be substituted as a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

- 2 -

1.  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1 of the petition regarding petitioner's place of residence; and admit the remaining allegations in paragraph 1.

2.  Neither admit nor deny the allegations in paragraph 2 because they constitute petitioner's characterization of this action, and/or conclusions of law, to which no responsive pleading is required, and respectfully refer the Court to the statutes and regulations cited in paragraph 2 for accurate statements of their provisions.

3.  Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no responsive pleading is required, and respectfully refer the Court to the statutes and regulation cited in paragraph 3 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 3 is required, respondents deny the allegations and aver that the Court lacks jurisdiction over the subject matter of this action.

4.  Admit the allegations in paragraph 4.

5.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.

6.  Admit the allegations in paragraph 6.

7.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8.  Neither admit nor deny the allegation in paragraph 8 because it constitutes a conclusion of law, to which no responsive pleading is required. To the extent a further response to the allegation in paragraph 8 is required, respondents deny the allegation.

- 3 -

9.  Deny the allegations in paragraph 9; and aver that the CIS has not completed its adjudication of petitioner's naturalization application because petitioner is not statutorily eligible for naturalization until the CIS has completed its examination of petitioner, including an investigation into petitioner's background by the Federal Bureau of Investigation ("FBI").  See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998 ("1998 Appropriations Act"),  Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

10.  Deny the allegations in paragraph 10.

11.  Deny the allegations in paragraph 11; and respectfully refer the Court to the statute cited in paragraph 11 for an accurate statements of its provisions.

12.  Neither admit nor deny the allegations in paragraph 12 because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required, and respectfully refer the Court to the statute cited in paragraph 12 for an accurate statements of its provisions.  To the extent a further response to the allegations in paragraph 12 is required, respondents deny the allegations

13.  Neither admit nor deny the allegations in paragraph 13 because they constitute petitioner's prayer for relief and/or conclusions of law, to which no responsive pleading is required. To the extent a further response to the allegations in paragraph 13 is required, respondents deny the allegations

## AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND DEFENSE

Petitioner's claims are unripe for review.


- 4 -

## AS AND FOR A THIRD DEFENSE

Petitioner has failed to exhaust her administrative remedies.

## AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

Petitioner has failed to show she is owed a peremptory duty that respondents have refused to perform.

## AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against respondents to control the exercise of their administrative judgment and discretion.

## AS AND FOR A SEVENTH DEFENSE

Any delay in the adjudication of petitioner's naturalization application is attributable to petitioner's own actions.

## AS AND FOR AN EIGHTH DEFENSE

Petitioner is not statutorily eligible for naturalization until the CIS has completed its "personal investigation" of petitioner, as required by 8 U.S.C. § 1445(a), including an investigation into petitioner's background by the FBI.

## AS AND FOR A NINTH DEFENSE

Petitioner has not effected proper service of process upon respondents.

## AS AND FOR A TENTH DEFENSE

The Court lacks personal jurisdiction over respondents.

- 5 -

WHEREFORE, respondents respectfully requests that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
December 7, 2007

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for Respondents

By: /s/
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, Room 410
    New York, New York  10007
    Tel. No.:  (212) 637-2728
    (FJL:3210)

TO:   C. MARIO RUSSELL, ESQ.
       CATHOLIC CHARITIES COMMUNITY SERVICES
       IMMIGRATION LEGAL SERVICES
       Attorneys for Petitioners
       1011 First Avenue, 12th Floor
       New York, NY  10022